## HUSTICK v. ALLEN, LATE SHERIFF.

1. A sheriff is bound to return a particular inventory of the goods he has seized under a *fi. fa.*

2. After having returned that he has seized under the execution, the sheriff cannot deny the legality of the seizure. He is bound by the return.

3. Where an irregular return to a *fi. fa.* has been filed, and the plaintiff proceeds to sue out a *ca. sa.*, which is executed, he cannot proceed against the sheriff on the ground of irregularity in his proceedings.

4. A sheriff may be amerced after he is out of office.

---

In this case, *Frelinghuysen*, for the plaintiff, had obtained a rule upon Allen, the sheriff of Morris, to show cause why he should not be amerced in the amount of debt and costs for which a judgment had been obtained against one Hoel. The ground of the application was the neglect of duty by the

sheriff in not returning a particular inventory of the property levied upon, but after specifying a few articles, saying, "and on all his household goods, value, 6d."

*Aaron Ogden*, for defendant, showed cause—stated that the *fi. fa.* was returned to April, 1791; that a former sheriff, under a prior execution and levy, had sold all Hoël's property and household goods, which had proved insufficient to satisfy the first execution; that Hustick took out a *ca. sa.* to September Term, 1791, *pro residuo*, having deducted the sixpence: upon this writ Hoel was taken and committed to prison.

He argued—1st. That the household goods, being under a prior seizure, were not liable to be again levied upon. The property is absolutely divested by the first levy. If the seizure was illegal, the inventory was unnecessary, and would have been nugatory; and 'it would be hard to say that the sheriff should be bound by a void act, particularly when it could not operate to the prejudice of the plaintiff. *Clerk* v. *Withers*, 1 *Salk.* 322.

2d. That the taking out the *ca. sa.* was a waiver of the plaintiff's right to proceed against the sheriff. He has made his election, and must abide by it. *Hob.* 59, 60.

[169] 3d. That Allen, being now out of office, cannot be amerced. The act only speaks of sheriffs. Allen is not a sheriff. It is a penal act, and must be construed strictly. 2 *Viner's Abr.* 434, § 13.

PER CUR. We amerced this same sheriff but a short time since, (a) for having made a similar return of a general seizure of household goods. It is the duty of the sheriff to specify, particularly, what has been seized, that the party may see that they have all been fairly sold.

As to the former execution and levy, we must observe, that after the sheriff has made a seizure of the property, and

(a) See *Watson* v. *Hoel*, *ante*.

the return has been filed, he cannot be admitted to say his own proceedings were irregular and illegal, and that he acted without authority; he is bound by his return.

With regard to the act of assembly under which these proceedings are had against the sheriff, it is clearly remedial, and not penal, and must be liberally expounded. The late sheriff is equally liable with one actually in office.

But as an amercement is for the use of the plaintiff, and is in lieu of his debt, it is in the nature of a civil action; and as, in this case, he has elected to take out a *ca. sa.*, which has been executed, this amounts.to a satisfaction. He has made his election, and the sheriff cannot be amerced.

Rule discharged.

CITED *in Strong* v. *Linn,* 2 *South.* 802; *Boice* v. *Gibbons,* 3 *Hal.* 407; *Todd & Rafferty* v. *Hoagland,* 7 *Vr.* 355.

# At Monmouth Nisi Prius, before Kinsey, C. J., and Chetwood, J.